PER CURIAM.
 

 We have for consideration three sets of proposed amendments to Florida Rule of Judicial Administration 2.420, the rule that governs public access to judicial branch records.
 
 [1]
 
 A thorough understanding of these proposals is critical to ensure the integrity of court records as we move inevitably into the electronic age. The amendments we adopt address procedures for the clerks to identify a narrow set of records as confidential, procedures for sealing and unsealing records, specific procedures targeted at criminal cases, and related appellate procedures.
 

 The first set of amendments is proposed by the Committee on Access to Court Records (Access Committee). Those amendments provide a mechanism to protect confidential information in court records from public view. Enacting a procedure that ensures the confidentiality of a narrow set of court records is a necessary prerequisite to the Court’s ongoing effort to provide the public with electronic access to court records. While there are enormous benefits to electronic access to court records, the Court has an ongoing concern that we not sacrifice the important goal of protecting those records that are confidential.
 

 The other proposals deal specifically with the issue of sealing and unsealing court records both in criminal and civil cases. The proposals refine the procedures developed in 2007 for sealing and unsealing noncriminal trial court records and specifically include procedures targeted at criminal and appellate court records. In conjunction with these proposals, the Court also considers related amendments to the Rules of Appellate Procedure, which
 
 *758
 
 clarify that requests to seal appellate court records are governed by rule 2.420 and provide for review of court orders granting access to judicial branch records and proceedings, in addition to orders denying access.
 

 We adopt the majority of the proposals, with only minor modifications. The goal of the comprehensive amendments to rule 2.420 is to balance the public’s constitutional right to access to court records with the courts’ responsibility to protect from public access court records that are confidential. The amendments also bring our court system closer to providing the public with electronic access to court records.
 

 BACKGROUND
 

 Privacy Committee Recommendations and Access Committee Charge
 

 A number of the proposed amendments regarding the treatment of confidential information that is included in court records began with the recommendations of the Committee on Privacy and Court Records (Privacy Committee), established in November 2003. While this Court recognized the advantages of greater access to court records by electronic means, it had become aware of the potential for abuse if otherwise confidential information was available online.
 

 The Privacy Committee was charged with providing recommendations to the Court regarding electronic access to court records in Florida.
 
 [2]
 
 In August 2005, the Privacy Committee submitted its report and recommendations.
 
 [3]
 
 The Court solicited comments and held three public hearings on the recommendations. The Court received helpful comments from, among others, various media groups and the clerks of court. After consultation with the Court, in June 2006, then Chief Justice Pariente and Chief Justice-Elect Lewis issued an administrative order partially implementing the Privacy Committee’s recommendations.
 
 [4]
 
 By separate administrative order, the Access Committee was created to further study and implement a number of the Privacy Committee’s recommendations,
 
 [5]
 
 including the recommendations concerning rule 2.420 at issue here.
 
 [6]
 

 The Privacy Committee had concluded in its report, and the Court agreed, that the Florida judicial branch should have a goal of providing the public with electronic access to nonconfidential court records when appropriate conditions are met.
 
 [7]
 
 The Access Committee was created to assist in establishing those necessary conditions, one of which was the need to narrow the scope of subdivision (c)(8) of rule 2.420 to a finite set of public records exemptions that are appropriate for court records and are identifiable. The ability to identify a finite set of public records exemptions that
 
 *759
 
 apply to court records under the rule was critical to the larger task of allowing electronic access to court records.
 
 [8]
 
 Accordingly, the Access Committee was charged with reviewing rule 2.420 and proposing amendments to the rule consistent with the Privacy Committee’s recommendations.
 
 [9]
 

 Development of Procedures for Sealing Court Records
 

 While the Access Committee was developing its proposed amendments to rule 2.420, the Court issued an opinion in the initial “sealing case,”
 
 In re Amendments to Florida Rule of Judicial Administration 2420
 
 — Sealing
 
 of Court Records & Dockets,
 
 954 So.2d 16 (Fla.2007). There, in response to Florida news media reports of “hidden cases and secret dockets,” the Court adopted new rule 2.420(d)
 
 [10]
 
 to provide a procedure for seeking to seal noncriminal trial court records under rule 2.420(c)(9)
 
 [11]
 
 and for seeking to unseal those records. 954 So.2d at 17.
 

 Because the Rules of Judicial Administration Committee (RJA Committee) had
 
 *760
 
 focused only on the sealing of noncriminal court records, the Court declined to adopt suggested procedures that would have broadly required that all sealing orders in criminal cases be kept confidential and not posted in order to protect confidential informants.
 
 See id.
 
 at 23 n. 13 (declining to adopt proposals by the Florida Prosecuting Attorneys Association and the Florida Public Defender Association to keep sealing orders in criminal cases confidential in order to protect confidential informants). Rather, the Court asked the RJA Committee to work with the Criminal Procedure Rules Committee (CPR Committee) “to propose rule amendments to address the sealing of court records in criminal cases.” 954 So.2d at 23. By follow-up letter, the committees were asked to specifically address the concerns raised about the need to protect confidential informants. The Court also asked the RJA Committee to work with the Appellate Court Rules Committee (ACR Committee) “to consider the need for rules governing requests to seal appellate court records.”
 
 Id.
 

 In October 2007, the RJA Committee filed its report and proposals, encompassing the work of the three rules committees. The proposals, which were endorsed by the CPR Committee, included new procedures for sealing criminal trial court records. The RJA Committee offered, with the endorsement of the ACR Committee, a brief commentary to rule 2.420 to address the sealing of appellate court records. The RJA Committee’s report is the subject of the instant case.
 

 Before the RJA Committee’s proposals were filed, the Court had sua sponte drafted a new rule to govern the sealing of appellate court records and sought input on the procedures from the chief judges of the district courts of appeal. After the chief judges had commented and after the RJA Committee’s report was filed, the Court drafted additional changes to rule 2.420, incorporating most of the RJA Committee’s proposals into its proposed amendments.
 

 The Court sought comments on the two sets of amendments. A number of comments were filed, including comments from The Florida Bar’s Special Joint Committee on Changes to Rule 2.420 (Special Joint Committee),
 
 [12]
 
 which was created to study the Court’s proposals for sealing appellate court records.
 

 Access Committee Proposals
 

 In October 2008, before the Court considered the comments to the two sets of sealing proposals, the Access Committee filed its petition to amend rule 2.420 to implement the Privacy Committee’s recommendations.
 
 [13]
 
 The Access Committee
 
 *761
 
 used the Court’s proposed version of the rule as the foundation for its proposals. The Access Committee’s proposals, the focal point of which is a new procedure for the identification and segregation of confidential information in court records, were consolidated with the pending sealing proposals in this case and were published for comment.
 

 Comments, Oral Argument, and Further Refinement by the Court
 

 Comments addressing the various amendments at issue here were filed by the ACR Committee, the CPR Committee, the Special Joint Committee, Florida Media Organizations,
 
 [14]
 
 the First Amendment Foundation, Reporters Committee for Freedom of the Press, the Volusia County, Sarasota County, and Miami-Dade County Clerks of Court, the Florida Public Defender Association, and the Florida Prosecuting Attorneys Association. The RJA Committee filed comments as well as a response to other comments. The Florida Courts Technology Commission’s Subcommittee on Access to Court Records (Access Subcommittee), which is the successor to the Access Committee,
 
 [15]
 
 also filed a response and comments.
 

 In September 2009, after holding separate arguments on each of the major topics at issue here, the Court further revised the pending amendments and sought comments on its revisions from the various committees and those who filed comments.
 
 See In re Amends, to Fla. Ride of Jud. Admin. 2420,
 
 No. SC07-2050 (Fla. order filed Sept. 9, 2009). The Court also asked the committees, with input from the clerks of court, to develop a new form to be used with the proposed rule for identifying and designating confidential information.
 

 Further comments were received, including comments from The Florida Bar’s newly created Consolidated Rules Committee, which submitted the requested new form and suggested additional revisions to the rule.
 
 [16]
 
 The Access Subcommittee concurs with the majority of the Consolidated Rules Committee’s suggested revisions.
 

 After considering the various proposals, the numerous comments, and suggested revisions, as well as the issues addressed at oral argument, we amend Rule of Judicial Administration 2.420 and the Rules of Appellate Procedure to provide comprehensive procedures for identifying and segregating confidential information in court records, for sealing and unsealing court records, and for reviewing orders issued under the rule. We discuss the more significant amendments below.
 

 
 *762
 
 AMENDMENTS
 

 Rule of Judicial Administration 2.420, Public Access to Judicial Branch Records
 

 New Subdivision (b)(4), Confidential
 

 New subdivision (b)(4) defines the term “confidential” as used in the rule. The new definition is in response to Privacy Committee Recommendation Thirteen (Confidential Information),
 
 [17]
 
 and the Access Committee’s charge to “[p]ropose revisions to rule [2.420] to clarify that those records defined in the rule are confidential and may not be released except as provided.” Admin. Order AOSC06-27 at 3. The new subdivision clarifies that “ ‘Confidential,’ as applied to information contained within a record of the judicial branch, means that such information is exempt from the public right of access under article I, section 24(a) of the Florida Constitution and may be released only to the persons or organizations designated by law, statute, or court order.” It also explains that “[a]s applied to information contained within a court record, ‘exempt’ means that such information is confidential” and that “Confidential information includes information that is confidential under this rule or under a court order entered pursuant to this rule.”
 

 The definition further provides that “[t]o the extent reasonably practicable, restriction of access to confidential information shall be implemented in a manner that does not restrict access to any portion of the record that is not confidential.” The RJA Committee originally suggested the “[t]o the extent reasonably practicable” qualifier be added to the caveat on restriction of access and the language be included in retitled subdivision (c), Confidential and Exempt Records. We declined to adopt most of the RJA Committee’s revisions to subdivision (c) because they merely restated much of new subdivision (b)(4). However, we added the suggested qualifying language to subdivision (b)(4) in recognition that there likely will be instances when it will not be reasonably practicable for the clerk to redact all the confidential information in a document and the clerk will have to treat the entire document as confidential.
 

 New Subdivision (b)(5), Affected Non-Party
 

 New subdivision (b)(5) defines the term “affected non-party,” as used in the rule, to mean “any non-party identified by name in a court record that contains confidential information pertaining to that non-party.” The new definition was proposed by the Consolidated Rules Committee to clarify the non-parties who are entitled to receive notice of certain filings under the revised rule. The new definition and notice requirements throughout the rule,
 
 see
 
 rule 2.420(d)(4), (e)(5), (g)(5), respond to Priva
 
 *763
 
 cy Committee Recommendation Seventeen, which urged that the rule be amended to require a filer to give a non-party notice of the filing of confidential information that pertains to the non-party.
 
 See
 
 Privacy Committee Report at 64.
 

 New Subdivision (d), Procedures for Determining Confidentiality of Court Records
 

 New subdivision (d), Procedures for Determining Confidentiality of Court Records, is the cornerstone of the Access Committee’s work.
 
 [18]
 
 It moves Florida courts a step closer to providing the public electronic access to court records by providing a mechanism that will allow clerks of court to more readily identify confidential information that must be screened from public view.
 
 [19]
 
 It also provides a procedure to ensure that confidential information that is not automatically screened from public view by the clerk will be the subject of a determination of confidentiality by the court.
 

 In its 2005 report, the Privacy Committee recommended a plan for providing the public with electronic access to court records, but recommended that implementation of the plan be deferred until rule 2.420 could be revised to reduce the scope of records that are automatically confidential under subdivision (c)(8) of the rule and that must be identified by court clerks and screened from public view. In Recommendation Two (Scope of Confidentiality), the Privacy Committee explained:
 

 Any system of access to court records must identify and protect information that is confidential. Confidentiality of Florida court records is controlled by Florida Rule of Judicial Administration [2.420], The Committee has concluded that subdivision (c)(8) of the rule incorporates state and federal laws, making the relevant information confidential from disclosure under the rule. The Committee recognizes that to implement an electronic access system with the capacity to identify and redact all information in court files embraced by the current rule would be exceedingly difficult, if not impossible given the foreseeable resources of the judicial branch.
 

 However, it is the further view of the Committee that some of the incorporated exemptions in Florida law may be unnecessary or overly broad in the judicial context where a strong presumption of openness exists. The Committee is of the opinion that it is within the rule-making power of the Supreme Court, and not contrary to the Florida Consti
 
 *764
 
 tution, to effectively expand public access to court records by reducing the scope of confidentiality under subdivision (c)(8) of the rule. Protections provided by other subdivisions of the rule should remain in effect. The electronic access plan set out in [the report] should be deferred pending completion of this revision process.
 

 Privacy Committee Report at 47. Because the Committee concluded “that implementation of a system that allows large volumes of court records to be released electronically cannot be responsibly achieved” under the current rule, it urged a review of the scope of subdivision (c)(8) of the rule and revision of the rule to narrow “its application to a finite set of exemptions that are appropriate in the court context and are readily identifiable.”
 
 Id.
 
 New subdivision (d) implements that recommendation.
 

 Privacy Committee Recommendation Two is based on the Committee’s conclusion that subdivision (c)(8) of the rule “generally absorbs Florida statutory exemptions and federal confidentialities.” Privacy Committee Report at 60. In other words, the Committee determined that subdivision (c)(8) “incorporates by reference statutory exemptions of Florida and federal law, making the statutory exemptions rule-based confidentialities pursuant to the grandfather clause for rules of court in Section 24(d) of the Florida Constitution.”
 
 Id.; see also id.
 
 at 29-33, 60-61.
 
 [20]
 
 This interpretation of the interplay between statutory public records exemptions and the subdivision (c)(8) exceptions to the mandate that the public shall have access
 
 *765
 
 to all judicial branch records has been referred to as the “absorption doctrine.”
 
 See
 
 Admin. Order AOSC06-27 at 2.
 

 In referring Recommendation Two to the Access Committee, the Court emphasized that it “has not made a decision as to whether the absorption doctrine applies.”
 
 Id.
 
 In adopting a procedure for identifying and segregating confidential information in court records, we, likewise, do not decide the adsorption issue here. As the Privacy Committee noted in Recommendation Fourteen of its report, the absorption issue is better left for a proper case and controversy.
 
 See
 
 Privacy Committee Report at 60 (noting that “the interplay of the statutes and the rule presents substantial legal issues requiring resolution in properly contested cases or controversies”).
 

 New subdivision (d) sets forth the procedure for the clerks of court to designate court records as confidential under subdivisions (c)(1) through (c)(8) and limits the subdivision (c)(7) and (c)(8) records that must be automatically designated confidential to a “finite set” of nineteen statutory exemptions. It also provides a mechanism for the filer to seek a judicial determination of confidentiality as to subdivision (c)(7) and (c)(8) records that are not automatically designated confidential by the clerk.
 

 In developing the new procedures for designating court records as confidential, the Access Committee reviewed the over 1000 statutory public records exemptions and identified nineteen exemptions it determined are applicable in the context of court records and readily identifiable to clerks of court. The Access Committee refers to confidential information covered by the nineteen identified exemptions as “type I information.” Examples of type I information include adoption records, social security numbers, and information identifying victims of sexual offenses. New subdivision (d)(1)(B) contains the nineteen exemptions identified by the Committee, with minor revision by the Court.
 
 [21]
 

 New subdivision (d)(1) requires the clerk of court to designate and maintain as confidential information governed by existing subdivisions (c)(1) through (c)(6) and information that is confidential or exempt under a subdivision (d)(1)(B) exemption (type I information). The clerk’s responsibility under the new subdivision is independent of the responsibility of the filer.
 

 Subdivision (d)(2) requires a filer to identify type I information to the clerk at the time of filing by filing a “Notice of Confidential Information Within Court Filing.”
 
 [22]
 
 The notice form, which is added to the end of rule 2.420, identifies the applicable provision of subdivision (d)(1)(B) and the specific location of the confidential information within the document being filed. This subdivision is in response to Privacy Committee Recommendation Seventeen,
 
 *766
 
 addressing the duty of the filer to identify confidential information. Privacy Committee Report at 64.
 

 Under subdivision (d)(2), the clerk of court must review the information identified by the filer to determine whether the information is facially subject to the identified provision. If the clerk determines that the information is not facially subject to the provision, the clerk must give the filer written notice of the determination and maintain the information as confidential for ten days or until the court rules on a motion to determine the confidentiality of the information, if one has been filed.
 

 New subdivision (d)(3) applies to what the Access Committee refers to as “type II information,” which is information that may be confidential under subdivisions (c)(7) or (c)(8), but that is not automatically confidential under the new rule. Under this subdivision, the filer of a document has a duty to determine whether type II information is contained in the document being filed. If the filer has a good faith belief the document contains confidential information, the filer must file a “Motion to Determine Confidentiality of Court Records,” requesting a judicial determination of confidentiality, unless the filer is the only person whose confidential information is included in the document or is the attorney representing all such persons, and a waiver of confidential status is intended. Any interested person also may request that type II information be maintained confidential by filing a motion to determine confidentiality.
 

 The Court added new subdivision (d)(4) to require a filer to give a non-party notice of certain filings involving confidential information pertaining to the non-party. Under the new subdivision, a person filing a notice of confidential information or filing a motion under the rule must give notice of the filing to an affected non-party, as defined under new subdivision (b)(5).
 

 Renumbered Subdivision (e), Request to Determine Confidentiality of Trial Court Records in Noncriminal Cases
 

 Existing subdivision (d) is renumbered (e) and retitled “Request to Determine Confidentiality of Trial Court Records in Noncriminal Cases.” The subdivision currently provides a procedure for seeking a judicial determination that trial court records in noncriminal cases are confidential under subdivision (c)(9) (the
 
 Ban-on
 
 test)
 
 [23]
 
 and for unsealing those records.
 
 See In re Amends. to Fla. Rule of Jud. Admin. 2.120
 
 — Sealing
 
 of Court Records & Dockets,
 
 954 So.2d at 17. This procedure serves as the foundation for the new procedures for seeking a judicial determination as to type II information discussed above. It also effectively implements Privacy Committee Recommendation Sixteen (Unsealing of Records)
 
 [24]
 
 by providing a clear mechanism for seeking to unseal records sealed under the rule.
 
 [25]
 

 The scope of renumbered subdivision (e) is expanded to provide for motions based on other provisions of subdivision (c), Confidential and Exempt Records, not just motions based on subdivision (c)(9). This will permit motions to seal based on statutory exemptions or federal confidentiality laws that are arguably incorporated into the rule through subdivisions (c)(7) or (c)(8), but not among the nineteen exemptions listed in subdivision (d)(1)(B). This concept is continued in new subdivisions (f)
 
 *767
 
 (criminal court records) and (g) (appellate court records).
 

 Another significant amendment to this subdivision is the addition of provisions to subdivisions (e)(2) and (e)(5) that provide for expedited consideration and rulings on motions to seal or unseal. Also significant are the amendments to subdivision (e)(6) that provide for sanctions in connection with bad-faith designations of confidential information or sealing motions. The amendments also provide for sanctions for the failure to comply with the requirements for filing confidential information. This is consistent with that portion of Privacy Committee Recommendation Seventeen urging that filers be subject to sanctions for willfully failing to comply with requirements for the filing of confidential information.
 
 See
 
 Privacy Committee Report at 64.
 

 New Subdivision (f), Request to Determine Confidentiality of Court Records in Criminal Cases
 

 Subdivision (f) is new and provides the procedures for requesting a confidentiality determination for criminal trial and appellate court records. The new subdivision is the culmination of suggestions, which were intended to protect the identities of confidential informants, made by the Florida Prosecuting Attorneys Association and the Florida Public Defender Association in the original sealing case,
 
 [26]
 
 the subsequent joint work of the RJA and CPR Committees, the alternative proposal of the Access Committee, and later suggestions by the Consolidated Rules Committee. The more restrictive subdivision (f)(3) procedures we adopt here balance the established policy of protecting from public disclosure information that reveals the identity of a confidential informant or concerns an active criminal investigation
 
 [27]
 
 with the public’s constitutional right to access to court records.
 

 Under subdivisions (f)(1) and (f)(2), the subdivision (e) procedures for noncriminal trial court records and subdivision (g) procedures for noncriminal appellate court records apply to the majority of motions to determine the confidentiality of court records in criminal cases. The exception is the narrow set of records governed by the more restrictive subdivision (f)(3) procedures.
 

 The Court revised the proposals submitted by the committees to ensure that the more restrictive procedures that apply under this subdivision are narrowly applied. As revised, the restrictive procedures apply to requests to determine the confidentiality of criminal court records that pertain to a plea agreement, substantial assistance agreement, or other court record that reveals the identity of a confidential informant or active criminal investigative information. A subdivision (f)(3) motion must be based on a request for confidentiality under subdivisions (c)(9)(A)(i) (confidentiality required to prevent a serious and imminent threat to administration of justice), (c)(9)(A)(iii) (confidentiality required to protect a compelling governmental interest),
 
 [28]
 
 (c)(9)(A)(v) (confidentiality required to avoid substantial injury to innocent third parties), or (c)(9)(A)(vii) (confidentiality required to
 
 *768
 
 comply with established public policy) of the rule.
 

 Information that is the subject of a subdivision (f)(3) motion must be treated as confidential by the clerk pending a ruling on the motion. At the urging of the Consolidated Rules Committee, with the support of the Access Subcommittee and the Florida Public Defender Association, we have included a provision that requires that a subdivision (f)(3) motion be treated as confidential pending a ruling on the motion or until otherwise ordered by the court.
 
 Cf
 
 §§ 119.071(2)(c); 119.071(2)©; 119.0714(l)(f), Fla. Stat. (2009). However, we reject the suggestion that the motion and the court records that are the subject of the motion must not be indicated on the public docket. If filings that are subject to this subdivision are not noted on the docket, the result would be a “false docket,” by omission. We have previously explained our condemnation of prior practices that resulted in reports of “hidden cases and secret dockets.”
 
 In re Amends, to Fla. Rule of Jud. Admin. 2420
 
 — Sealing
 
 of Court Records & Dockets,
 
 954 So.2d at 16. Therefore, consistent with new subdivision (f)(4), which cautions that this subdivision does not authorize the falsification of court records or progress dockets,
 
 [29]
 
 we have added language that requires the motion and any filings containing information that is the subject of the motion to be indicated on the public docket. The filings must be indicated in a manner that does not reveal the confidential nature of the information. To ensure that the motion, which must be indicated on the docket by generic title, can be docketed without revealing the nature of the motion, the motion must be titled “Motion to Determine Confidentiality of Court Records,” as are other motions to seal filed under the rule.
 

 The subdivision (e)(3)(A)-(G) (requirements for orders granting motion), (e)(6) (sanctions),
 
 [30]
 
 and (g)(7) (lower tribunal may revisit appellate court’s sealing order) procedures apply under subdivision (f)(3). However, the subdivision (e)(1) (requirements for motion), (e)(2) (requirements for hearing, record of hearing, public notice of hearing, time for ruling), (e)(3)(H) (publishing order), (e)(4) (notice of order), and (e)(5) (motion to unseal) procedures do not apply.
 

 For subdivision (f)(3) motions filed in the trial court, unless the parties agree to the relief requested, the hearing on the motion must be held within fifteen days of the filing of the motion. We have added the requirement that the hearing must be an open proceeding, but any person may request that the court conduct all or part of the hearing in camera to protect subdivision (c)(9)(A) interests. A motion under this subdivision may be filed in an appellate court with respect to a record for which no confidentiality determination has been made by the lower tribunal.
 

 We also have endorsed provisions that will ensure that both the trial and appellate courts must issue a ruling on the motion expeditiously. A trial court must rule within ten days of the hearing on a contested motion or within ten days of the filing of an agreed-upon motion. An appellate court must rule within ten days of the filing of a response on a contested motion or within ten days of the filing of an uncontested motion.
 

 
 *769
 
 The records cannot be sealed, under the restrictive procedures, for long'er than is necessary to achieve the objective of the motion and never longer than 120 days. Extensions for up to sixty days may be requested by filing another motion under the subdivision. Orders issued under the subdivision will not be published unless directed by the court and will be indicated on the docket only by noting the entry of the order.
 

 New Subdivision (g), Request to Determine Confidentiality of Appellate Court Records in Noncriminal Cases
 

 New subdivision (g), Request to Determine Confidentiality of Appellate Courts Records in Noncriminal Cases, is modeled after renumbered subdivision (e), which was originally adopted by the Court to govern the sealing and unsealing of trial court records in noncriminal cases.
 
 See In re Amends. to Fla. Rule of Jud. Admin. 2.420
 
 — Sealing
 
 of Court Records & Dockets,
 
 954 So.2d at 17. The most significant provisions of new subdivision (g) are explained below.
 

 A motion to seal appellate court records other than records subject to subdivision (f)(3) must comply with the subdivision (e)(1) requirements for a motion to seal trial court records. However, no hearing is held on a motion to seal appellate court records. Except as provided by law, within ten days after the entry of an order granting the motion, the clerk of the appellate court must post a copy of the order on the clerk’s website and must provide a copy of the order to the clerk of the lower tribunal, with directions that the clerk is to seal the records identified in the order. The order must remain posted for no fewer than thirty days.
 

 A request to unseal appellate coui’t records must be made in a written motion filed in the appellate court. All parties and affected non-parties must be served with a copy of the motion or furnished with a copy of the motion by the court, as appropriate under the rule.
 

 Consistent with subdivision (e)(6), sanctions for bad-faith appellate motions or notices of confidential information are provided for in subdivision (g)(8). The provision in the current rule that addresses the treatment of records sealed by a lower tribunal during a review proceeding has been moved to new subdivision (g)(9). We also have added language to clarify that this subdivision does not preclude review under Rule of Appellate Procedure 9.100(d) or affect the standard of review of a sealing order entered by a lower tribunal.
 

 Renumbered Subdivision (h), Denial of Access Request for Administrative Records
 

 At the suggestion of the Access Committee, we have renamed and amended renumbered subdivision (h), which currently provides for mandamus review of denials of access to judicial branch records, to limit the subdivision’s application to the review of administrative records of the judicial branch and to remove reference to an appellate remedy. Review of court orders granting or denying access to judicial branch records is governed by Rule of Appellate Procedure 9.100(d), discussed below.
 

 Rules of Appellate Procedure
 

 Finally, we have made several suggested revisions to the Rules of Appellate Procedure. First, at the suggestion of the Special Joint Committee, we have added new subdivision (i) to rule 9.040 (General Provisions) and have included new committee notes to rules 9.100 (Original Proceedings) and 9.110 (Appeal Proceedings to Review Final Orders of Lower Tribunals) to clarify that requests to determine the confiden
 
 *770
 
 tiality of appellate records are governed by role 2.420.
 

 Finally, at the suggestion of the ACR Committee, we have made several revisions to rule 9.100(d), Exception; Orders Excluding Press or Public. The most significant of these revisions are the addition of language that provides for review of court orders that deny motions to seal or otherwise grant access to judicial branch records or court proceedings and language that requires the proceedings or records that are the subject of a motion to stay to be treated as confidential pending a ruling on the motion.
 

 CONCLUSION
 

 We thank the various committees and those who submitted comments for greatly assisting the Court in adopting clear procedures for sealing and unsealing court records, as well as a process that will make the application of the rule more manageable for our clerks of court as we move toward providing electronic access to court records. We especially thank the Access Committee for providing the Court with a workable solution to the formidable task of narrowing the scope of rule 2.420 in relation to the clerk of court’s duty to screen confidential information from public view, and we thank the committee for its recommendations regarding the transition to providing electronic access.
 
 See
 
 Access Committee Report.
 

 Accordingly, we amend the Florida Rules of Judicial Administration and the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. Our adoption of these rule amendments is not a determination of the merits of any substantive arguments concerning the new procedures and does not preclude the raising of those arguments in a proper case and controversy. As suggested by the Access Subcommittee, new rule 2.420(d) shall become effective October 1, 2010, at 12:01 a.m. The remainder of the amendments shall become effective immediately upon the release of this opinion.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 2.420. PUBLIC ACCESS TO JUDICIAL BRANCH RECORDS
 

 (a) [No change]
 

 (b) Definitions.
 

 (l)-(3) [No change]
 

 (4) “Confidential,” as applied to information contained within a record of the judicial branch, means that such information is exempt from the public right of access under article I, section 24(a) of the Florida Constitution and may be released only to the persons or organizations designated by law, statute, or court order. As applied to information contained within a court record, the term “exempt” means that such information is confidential. Confidential information includes information that is confidential under this rule or under a court order entered pursuant to this rule. To the extent reasonably practicable, restriction of access to confidential information shall be implemented in a manner that does not restrict access to any portion of the record that is not confidential.
 

 (5) “Affected non-party” means any non-party identified by name in a court record that contains confidential information pertaining to that non-party.
 

 
 *771
 
 and Exempt Records. The following records of the judicial branch shall be confidential:
 

 (l)-(9) [No change]
 

 (10) The names and any identifying information of judges mentioned in an advisory opinion of the Committee — on Standards of Conduct for JudgesJudicial Ethics Advisory Committee.
 

 (d) Procedures for Determining Confidentiality of Court Records.
 

 (1) The clerk of the court shall designate and maintain the confidentiality of any information contained within a court record that is described in subdivision (d)(1)(A) or (d)(1)(B) of this rule. The following information shall be maintained as confidential:
 

 (A) information described by any of subdivisions (c)(1) through (c)(6) of this rule; and
 

 (B) except as provided by court order, information subject to subdivision (c)(7) or (c)(8) of this rule that is currently confidential or exempt from section 119.07, Florida Statutes, and article I, section 24(a) of the Florida Constitution under any of the following statutes or as they may be amended or renumbered:
 

 (i) Chapter 39 records relating to dependency matters, termination of parental rights, guardians ad litem, child abuse, neglect, and abandonment. § 39.0132(3), Fla. Stat.
 

 (ii) Adoption records. § 63.162, Fla. Stat.
 

 (iii) Social Security, bank account, charge, debit, and credit card numbers in court records. § 119.0714(l)(i)-(j), (2)(a)-(e), Fla. Stat. (Unless redaction is requested pursuant to 119.0714(2), this information is exempt only as of January 1, 2011.)
 

 (iv)HIV test results and patient identity within those test results. § 381.004(3)(e), Fla. Stat.
 

 (v) Sexually transmitted diseases— test results and identity within the test results when provided by the Department of Health or the department’s authorized representative. § 384.29, Fla. Stat.
 

 (vi) Birth and death certificates, including court-issued delayed birth certificates and fetal death certificates. §§ 382,008(6), 382.025(l)(a), Fla. Stat.
 

 (vii) Identifying information in a petition by a minor for waiver of parental notice when seeking to terminate pregnancy. § 390.01116, Fia. Stat.
 

 (viii) Identifying information in clinical mental health records under the Baker Act. § 394.4615(7), Fla. Stat.
 

 (ix) Records of substance abuse service providers which pertain to the identity, diagnosis, and prognosis of and service provision to individuals who have received services from substance abuse service providers. § 397,501(7), Fla. Stat.
 

 (x) Identifying information in clinical records of detained criminal defendants found incompetent to proceed or acquitted by reason of insanity. § 916.107(8), Fla. Stat.
 

 (xi) Estate inventories and account-ings. § 733.604(1), Fla. Stat.
 

 (xii) The victim’s address in a domestic violence action on petitioner’s request. § 741.30(3)(b), Fla. Stat.
 

 (xiii) Information identifying victims of sexual offenses, including child sexual abuse. §§ 119.071(2)(h), 119.0714(l)(h), Fla. Stat.
 

 (xiv) Gestational surrogacy records. § 742.16(9), Fla. Stat.
 

 
 *772
 
 (xv) Guardianship reports and orders appointing court monitors in guardianship cases. §§ 744.1076, 744,3701, Fla. Stat.
 

 (xvi) Grand jury records. Ch. 905, Fla. Stat.
 

 (xvii) Information acquired by courts and law enforcement regarding
 

 family services for children. § 984.06(3)-
 

 (4), Fla. Stat.
 

 (xviii) Juvenile delinquency records. §§ 985.04(1), 985.045(2), Fla. Stat.
 

 (xix) Information disclosing the identity of persons subject to tuberculosis proceedings and records of the Department of Health in suspected tuberculosis cases. §§ 392.545, 392.65, Fla. Stat.
 

 (2)Any person filing any document containing confidential information shall, at the time of filing, file with the clerk a “Notice of Confidential Information within Court Filing” in order to: (A) indicate that confidential information described in subdivision (d)(1)(B) of this rule is included within the document being filed; (B) identify the provision of subdivision (d)(1)(B) of this rule that applies to the identified information; and (C) identify the precise location of the confidential information within the document being filed. A form Notice of Confidential Information within Court Filing accompanies this rule. The clerk of court shall review filings identified by filers as containing confidential information to determine whether the purported confidential information is facially subject to confidentiality under the identified provision in subdivision (d)(1)(B). If the clerk determines that filed information is not subject to confidentiality under the identified provision, the clerk shall notify the person who filed the document in writing within 5 days of the filing and thereafter shall maintain the information as confidential for 10 days from the day such notice is served. The information shall not be held as confidential for more than 10 days, unless the filer has filed a motion pursuant to subdivision (d)(3).
 

 (3) Any person filing a document with the court shall ascertain whether any information contained within the document may be confidential under subdivision (c) of this rule notwithstanding that such information is not itemized at subdivision (d)(1) of this rule. A person filing information that he or she believes in good faith to be confidential but that is not described in subdivision (d)(1) of this rule shall request that the information be maintained as confidential by filing a “Motion to Determine Confidentiality of Court Records” under the procedures set forth in subdivision (e), (f), or (g), unless (A) the person filing the information is the only individual whose confidential information is included in the document to be filed or is the attorney representing all such individuals; and (B) a knowing waiver of the confidential status of that information is intended by the person filing the information. Any interested person may request that information within a court file be maintained as confidential by filing a motion as provided in subdivision (e), (f), or (g).
 

 (4) If a notice of confidential information is filed pursuant to subdivision (d)(2), or a motion is filed pursuant to subdivision (e)(1) seeking to determine that information contained in court records is confidential, or pursuant to subdivision (e)(5) seeking to vacate an order that has determined that information in a court record is confidential or seeking to unseal information designated as confidential by the clerk of court, then the person filing the notice or motion shall give notice of such filing to any affected non-party. Notice pursuant to this provision must:
 

 (A) be filed with the court;
 

 
 *773
 
 (B) identify the case by docket number;
 

 (C) describe the confidential information with as much specificity as possible without revealing; the confidential information, including; specifying the precise location of the information within the court record; and
 

 (D) include:
 

 (i) in the case of a request to deem materials confidential, a statement that if the motion is denied then the subject material will not be treated as confidential by the clerk; and
 

 (ii) in the case of a motion to unseal confidential records or a motion to vacate an order deeming records confidential, a statement that if the motion is granted, the subject material will no longer be treated as confidential by the clerk.
 

 Any notice described herein must be served together with the motion that gave rise to the notice in accordance with subdivision (e)(5) or (g)(5). When serving the notice and motion described in this subdivision on a non-party, the server shall use reasonable efforts to locate the non-party and may serve such non-party by any method set forth in Florida Rule of Civil Procedure 1.080(b).
 

 (de) Request to MakeDetermine Confidentiality of Gircuit-and Coun-tyTrial Court Records in Non-
 

 (1) A request to makedetermine the confidentiality of circuit.and countytrial court records in noncriminal cases confidential under subdivision (c)(9) must be made hi the form of a written motion captioned “Motion to MakeDetermine Confidentiality of Court Records Confidential.” A motion made under this subdivision must:
 

 (A) identify the particular court records or a portion of a record that he movant seeks to make have determined as confidential with as much specificity as possible without revealing the information to be made eonfidentialsubject to the confidentiality determination; and
 

 (B) specify the bases for makingdet-ermining that such court records are confi-dentiak; and
 

 (C) set forth the specific legal authority and any applicable legal standards for determining such court records to be confidential.
 

 Any motion made under this subdivision must include a signed certification by the party or the attorney for the party making the request that the motion is beingmade in good faith and is supported by a sound factual and legal basis. The court-records that-arelnformation that is subject to such a motion made under this subdivision must be treated as confidential by the clerk pending the court’s ruling on the motion. Notwithstanding any of the foregoing, the court may not make-confidentialdetermine that the case number, docket number, or other number used by the clerk’s office to identify the case file is confidential.
 

 (2) Except when a motion filed under subdivision (de)(l) represents that all parties agree to all of the relief requested, the court must, as soon as practicable but no later than 30 days after the filing of a motion under this subdivision, hold a hearing before ruling on the motion. Whether or not any motion filed under subdivision (d§)(l) is agreed to by the parties, the court may in its discretion hold a hearing on such motion. Any hearing held under this subdivision must be an open proceeding, except that any pai-typerson may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c)(9)(A). Any person may request expedited consider
 
 *774
 
 ation of and ruling on the motion. The moving party shall be responsible for ensuring that a complete record of any hearing held pursuant to this subdivision be created, either by use of a court reporter or by any recording device that is provided as a matter of right by the court. The court may in its discretion require prior public notice of the hearing on such a motion in accordance with the procedure for providing public notice of court orders set forth in subdivision (de)(4) or by providing such other public notice as the court deems appropriate. The court must issue a ruling on the motion within 30 days of the hearing.
 

 (3)Any order granting in whole or in pai’t a motion filed under subdivision (d)(1)(e) must state the following with as much specificity as possible without revealing the information made confidentialsub-ject to the confidentiality determination:
 

 (A) The type of case in which the order is being entered;
 

 (B) The particular grounds under ing the court recordsinformation to be confidential;
 

 (C) Whether any party’s name is to be madedetermined to be confidential and, if so, the particular pseudonym or other term to be substituted for the party’s name;
 

 (D) Whether the progress docket or similar records generated to document activity in the case are determined to be madeconfidential;
 

 (E) The particular court-recordsinfor-mation that are to bo madeis determined to be confidential;
 

 (F) The namesldentification of those persons who are permitted to view the confidential court recordsinformation;
 

 (G) That the court finds that: (i) the degree, duration, and manner of confidentiality ordered by the court isare no broader than necessary to protect the interests set forth in subdivision (c)(9)(A); and (ii) no less restrictive measures are available to protect the interests set forth in subdivision (c)(9)(A); and
 

 (H) That the clerk of the court is directed to publish the order in accordance with subdivision (de)(4).
 

 (4) Except as provided by law or court rule, notice must be given of any order granting in whole or in part a motion made under subdivision (de)(l) as follows. Within 10 days following the entry of the order, the clerk of court must post a copy of the order on the clerk’s website and in a prominent? public location in the courthouse. The order must remain posted in both locations for no less than 30 days. This subdivision shall not apply to orders determining that court records are confidential under subdivision (c)(7) or (c)(8).
 

 (5) If a nonparty requests that the court vacate all or part of an order issued under subdivision (de)(3)? or requests that the court order the unsealing of records designated as confidential under subdivision (d), the request must be made in the form ofby a written motion, filed in that court, that states with as much specificity as possible the bases for the request. The motion must set forth the specific legal authority and any applicable legal standards supporting the request. The movant must serve all parties in-the action and all affected non-parties with a copy of the motion. -In the event-thatlf the subject order ■specifiesdetermines that the names or addresses of one or more parties are to be made confidential, the movant must state prominently in the caption of the motion “Confidential Party — Court Service Requested.” When a motion so designated is filed, the court shall be responsible for
 
 *775
 
 providing a copy of the motion to tfaeall parties and all affected non-parties in such a way as te-not to reveal the confidential information to the movant. Except when a motion filed under this subdivision represents that all parties agree to all of the relief requested, the court must, as soon as practicable but no later than 30 days after the filing of a motion under this subdivision, hold a hearing before ruling on the motion. Regardless of wWhether or not any motion filed under this subdivision is agreed to by the parties, the court may in its discretion hold a hearing on such motion. Any person may request expedited consideration of and ruling on the motion. Any hearing held under this subdivision must be an open proceeding, except that any partyperson may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c)(9)(A). The court must issue a ruling on the motion within 30 days of the hearing. The movant shall be responsible for ensuring that a complete record of any hearing held under this subdivision be created, either by use of a court reporter or by any recording device that is provided as a matter of right by the court. This subdivision shall not apply to orders determining that court records are confidential under subdivision (c)(7) or (c)(8).
 

 (6) -I-f — the-court determines that-a-motion-madeunder subdivision (d)(1) was not made in-good-faith-and supported by a sound — legal-and- factual basis, the court may-impose-sanctions upon the movant-Af-ter notice and an opportunity to respond, the court may impose sanctions against any party or non-party and/or their attorney, if:
 

 (A) the court determines that a designation made under subdivision (d) or a motion made under subdivision (d)(3) or (e) was not made in good faith and was not supported by a sound legal or factual basis, or
 

 (B) a document is filed in violation of subdivision (d)(2) or (d)(3).
 

 (7-)-Court-records-made-confidential under this rule must be -treated as confidential-during any appellate-proceedings. — & any.ease where an order making court records confidential-remains in effect as of the-time of an appeal, the clerk’s index must include a statement that an order making court records confidential has been entered in-the matter and must identify such order — by date or docket number.
 

 (f) Request to Determine Confidentiality of Court Records in Criminal Cases.
 

 (1) Subdivision (e) shall apply to any motion by the state or a defendant to determine the confidentiality of trial court records under subdivision (c), except as provided in subdivision (f)(3). As to any motion filed in the trial court under subdivision (f)(3), the following procedure shall apply:
 

 (A) Unless the motion represents that both the movant and any other party subject to the motion agree to all of the relief requested, as evidenced by all such parties signing the motion, the court shall hold a hearing on a motion filed under this subdivision within 15 days of the filing of the motion. Any hearing held under this subdivision must be an open proceeding, except that any person may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c)(9)(A).
 

 (B) The court shall issue a written ruling on a motion filed under this subdivision within 10 days of the hearing on a contested motion or within 10 days of the filing of an agreed motion.
 

 
 *776
 
 (2) Subdivision (g) shall apply to any motion to determine the confidentiality of appellate court records under subdivision (c), except as provided in subdivision (f)(3). As to any motion filed in the appellate court under subdivision (f)(3), the following procedure shall apply:
 

 (A) The motion may be made with respect to a record that was presented or presentable to a lower tribunal, but no determination concerning confidentiality was made by the lower tribunal, or a record presented to an appellate court in an original proceeding.
 

 (B) A response to a motion filed under this subdivision may be served within 10 days of service of the motion.
 

 (C) The court shall issue a written ruling on a motion filed under this subdivision within 10 days of the filing of a response on a contested motion or within 10 days of the filing of an uncontested motion.
 

 (3) Any motion to determine whether a court record that pertains to a plea agreement, substantial assistance agreement, or other court record that reveals the identity of a confidential informant or active criminal investigative information is confidential under subdivision (c)(9)(A)(i), (e)(9)(A)(iii), (c)(9)(A)(v), or (c)(9)(A)(vii) of this rule may be made in the form of a written motion captioned “Motion to Determine Confidentiality of Court Records.” Any motion made pursuant to this subdivision must be treated as confidential and indicated on the docket by generic title only, pending a ruling on the motion or further order of the court. As to any motion made under this subdivision, the following procedure shall apply:
 

 (A)Information that is the subject of such motion must be treated as confidential by the clerk pending the court’s ruling on the motion. Filings containing the information must be indicated on the docket in a manner that does not reveal the confidential nature of the information.
 

 (B) The provisions of subdivisions (e)(3)(A)-(G), (e)(6), and (g)(7) shall apply to motions made under this subdivision. The provisions of subdivisions (e)(1), (e)(2), (e)(3)(H), (e)(4), and (e)(5) shall not apply to motions made under this subdivision.
 

 (C) No order entered under this subdivision may authorize or approve the sealing of court records for any period longer than is necessary to achieve the objective of the motion, and in no event longer than 120 days. Extensions of an order issued hereunder may be granted for 60-day periods, but each such extension may be ordered only upon the filing of another motion in accordance with the procedures set forth under this subdivision. In the event of an appeal or review of a matter in which an order is entered under this subdivision, the lower tribunal shall retain jurisdiction to consider motions to extend orders issued hereunder during the course of the appeal or review proceeding.
 

 (D) The clerk of the court shall not publish any order of the court issued hereunder in accordance with subdivision (e)(4) or (g)(4) unless directed by the court. The docket shall indicate only the entry of the order.
 

 (4)This subdivision does not authorize the falsification of court records or progress dockets.
 

 (g) Request to Determine Confidentiality of Appellate Court Records in Noncriminal Cases.
 

 (1) A motion to determine the confidentiality of appellate court records in noncriminal cases under subdivision (c) must be filed in the appellate court and must be in compliance with the guidelines set forth in subdivision (e)(1). Such a motion may
 
 *777
 
 be made with respect to a record that was presented or presentable to a lower tribunal, but no determination concerning confidentiality was made by the lower tribunal, or a record presented to an appellate court in an original proceeding.
 

 (2) A response to a motion filed under subdivision (g)(1) may be served within 10 days of service of the motion.
 

 (3) Any order granting in whole or in part a motion filed under subdivision (g)(1) must be in compliance with the guidelines set forth in subdivisions (e)(3)(A)-(H). Any order requiring the sealing of an appellate court record operates to also make those same records confidential in the lower tribunal during the pendency of the appellate proceeding.
 

 (4) Except as provided by law, within 10 days following the entry of an order granting a motion under subdivision (g)(1), the clerk of the appellate court must post a copy of the order on the clerk’s website and must provide a copy of the order to the clerk of the lower tribunal, with directions that the clerk is to seal the records identified in the order. The order must remain posted for no less than 30 days.
 

 (5) If a nonparty requests that the court vacate all or part of an order issued under subdivision (g)(3), or requests that the court order the unsealing of records designated as confidential under subdivision (d), the request must be made by a written motion, filed in that court, that states with as much specificity as possible the bases for the request. The motion must set forth the specific legal authority and any applicable legal standards supporting the request. The movant must serve all parties and all affected non-parties with a copy of the motion. If the subject order determines that the names or addresses of
 

 one or more parties are confidential, the movant must state prominently in the caption of the motion “Confidential Party— Court Service Requested.” When a motion so designated is filed, the court shall be responsible for providing a copy of the motion to all parties and all affected non-parties in such a way as not to reveal the confidential information to the movant. A response to a motion may be served within 10 days of service of the motion.
 

 (6) The party seeking to have an appellate record sealed under this subdivision has the responsibility to ensure that the clerk of the lower tribunal is alerted to the issuance of the order sealing the records and to ensure that the clerk takes appropriate steps to seal the records in the lower tribunal.
 

 (7) Upon conclusion of the appellate proceeding, the lower tribunal may, upon appropriate motion showing changed circumstances, revisit the appellate court’s order directing that the records be sealed.
 

 (8) If the court determines that a designation made under subdivision (d) or a motion made under subdivision (g)(1) was not made in good faith and was not supported by a sound legal or factual basis, the court may impose sanctions on the movant after notice and an opportunity to respond.
 

 (9) Records of a lower tribunal determined to be confidential by that tribunal must be treated as confidential during any review proceedings. In any case where information has been determined to be confidential under this rule, the clerk of the lower tribunal shall so indicate in the index transmitted to the appellate court. If the information was determined to be confidential in an order, the clerk’s index must identify such order by date or docket number. This subdivision does not preclude review by an appellate court, under Florida Rule of Appellate Procedure
 
 *778
 
 9.100(d), or affect the standard of review by an appellate court, of an order by a lower tribunal determining a record to be confidential.
 

 (eh) Judicial Review of-Denial of Access Request for Administrative Records. Expedited review of denials of access to administrative records of the judicial branch shall be provided through an action for mandamus* or other appropriate reliefappellate remedyy in the following manner:
 

 (l)-(2) [No Change]
 

 (fi) Procedure. Requests and responses to requests for access to records under this rule shall be made in a reasonable manner.
 

 (l)-(3) [No Change]
 

 Committee Note
 

 1995 Amendment. [No Change]
 

 2002 Court Commentary
 

 [No Change]
 

 2005 Court Commentary
 

 [No Change]
 

 2007 Court Commentary
 

 [No Change]
 

 2007 Committee Commentary
 

 [No Change]
 

 IN THE COURT, _ JUDICIAL CIRCUIT, IN AND FOR..COUNTY, FLORIDA CASE NO.:
 

 Plaintiff/Petitioner,
 

 v.
 

 Defendant/Respondent.
 

 /
 

 NOTICE OF CONFIDENTIAL INFORMATION WITHIN COURT FILING
 

 Pursuant to Florida Rule of Judicial Administration 2.420(d)(2), the filer of a court record at the time of filing shall indicate whether any confidential information is included within the document being filed; identify the confidentiality provision that applies to the identified information; and identify the precise location of the confidential information within the document being filed. Title/Type_of_Document(s): Indicate the applicable confidentiality provision(s) below from Rule 2.420(d)(1)(B), by specifying the location within the document on the space provided:
 

 ___ Chapter 39 records relating to dependency matters, termination of parental rights, guardians ad litem, child abuse, neglect, and abandonment. § 39.0132(3), Fla. Stat. (If the document is filed within a Chapter 39 case, this form is not required.)
 

 ,_ Adoption records. § 63.162, Fla. Stat. (If the document is filed within a Chapter 63 adoption case, this form is not required.)
 

 Social Security, bank account, charge, debit, and credit card numbers in court records. § 119.0714(l)(i)-(j), (2)(a)-(e), Fla. Stat. (Unless redaction is requested pursuant to § 119.0714(2), this information is exempt only as of January 1, 2011.)
 

 _ HIV test results and patient identity within the HIV test results. § 381.004(3)(e), Fla. Stat.
 

 
 *779
 
 _ Sexually transmitted diseases — test results and identity within the test results when provided by the Department of Health or the department’s authorized representative. § 384.29, Fla. Stat.
 

 _ Birth and death certificates, including court-issued delayed birth certificates and fetal death certificates. §§ 382.008(6), 382.025(l)(a), Fla. Stat.
 

 _ Identifying information in petition by minor for waiver of parental notice when seeking to terminate pregnancy. § 390.01116, Fla. Stat. (If the document is filed within a Ch. 390 waiver of parental notice case, this form is not required.)
 

 _ Identifying information in clinical mental health records under the Baker Act. § 394.4615(7), Fla. Stat.
 

 _ Records of substance abuse service providers which pertain to the identity, diagnosis, and prognosis of and service provision to individuals who have received services from substance abuse service providers. § 397.501(7), Fla. Stat.
 

 _ Identifying information in clinical records of detained criminal defendants found incompetent to proceed or acquitted by reason of insanity. § 916.107(8), Fla. Stat.
 

 _ Estate inventories and accountings. § 733.604(1), Fla. Stat.
 

 _ Victim’s address in domestic violence action on petitioner’s request. § 741.30(3)(b), Fla. Stat.
 

 _ Information identifying victims of sexual offenses, including child sexual abuse. §§ 119.071(2)(h), 119.0714(l)(h), Fla. Stat.
 

 _ Gestational surrogacy records. § 742.16(9), Fla. Stat.
 

 _ Guardianship reports and orders appointing court monitors in guardianship cases. §§ 744.1076, 744.3701, Fla. Stat.
 

 Grand jury records. Ch. 905, Fla. Stat. (If the document is filed in a Ch. 905 grand jury proceeding, this form is not required.)
 

 _ Information acquired by courts and law enforcement regarding family services for children. § 984.06(3)-(4), Fla. Stat. (If the document is filed in a Ch. 984 family services for children case, this form is not required.)
 

 Juvenile delinquency records. §§ 985.04(1), 985.045(2), Fla. Stat. (If the document is filed in a Ch. 985 juvenile delinquency case, this form is not required.)
 

 Information disclosing the identity of persons subject to tuberculosis proceedings and records of the Department of Health in suspected tuberculosis cases. §§ 392.545, 392.65, Fla. Stat.
 

 CERTIFICATE OF SERVICE
 

 I HEREBY CERTIFY that a copy of the foregoing was furnished by U.S. mail/personal service to: —, on , 20
 

 Attorney Name.
 

 Address.
 

 Phone .
 

 Florida Bar No.
 

 Note: The clerk of court shall review filings identified as containing confidential information to determine whether the information is facially subject to confidentiality under the identified provision. The clerk shall notify the filer in writing within 5 days if the clerk determines that the information is NOT subject to confidentiality, and the records shall not be held as confidential for more than 10 days, unless a motion is filed pursuant to subdivision
 
 *780
 
 (d)(3) of the Rule. Fla. R. Jud. Admin. 2.420(d)(2).
 

 RULE 9.040. GENERAL PROVISIONS
 

 (a)-(h) [No Change]
 

 (i)Requests to Determine Confidentiality of Appellate Court Records. Requests to determine the confidentiality of appellate records are governed by Florida Rule of Judicial Administration 2.420.
 

 Committee Notes
 

 [No Change]
 

 RULE 9.100. ORIGINAL PROCEEDINGS
 

 (a)-(c) [No Change]
 

 (d) Exception; Orders Excluding or Granting Access to Press or Public.
 

 (1) A petition to review an order excluding the press or public from^ access to-or granting the press or public access to, any proceeding, any part of a proceeding, or any judicial records of the judicial branch, if-the proceeding or records-are not required by-kw-to-be-confidential, shall be filed in the court as soon as practicable following rendition of the order to be reviewed, if written, or announcement of the order to be reviewed, if oral, but no later than 30 days after rendition of the order. A copy of the petition shall be furnished to the person (or chairperson of the collegial administrative agency) issuing the order, and to the parties to the proceeding, and any affected non-parties, as defined in Florida Rule of Judicial Administration 2.420.
 

 (2) The court shall immediately consider the petition to determine whether a stay of proceedings in the lower tribunal or the order under review is appropriate* and, on its own motion or that of any party, the court may order a stay on such conditions as may be appropriate. Any motion to stay an order granting access to a proceeding, any part of a proceeding, or any records of the judicial branch made under this subdivision must include a signed certification by the movant that the motion is made in good faith and is supported by a sound factual and legal basis. Pending the court’s ruling on the motion to stay, the clerk of the court and the lower tribunal shall treat as confidential those proceedings or those records of the judicial branch that are the subject of the motion to stay.
 

 (3)If requested- by the petitioner or any partyror on its own motion,-the court may allow oral-argumGnt.Review of orders under this subdivision shall be expedited.
 

 (e)-(i) [No Change]
 

 Committee Notes
 

 1977 Amendment — 1999 Amendment [No Change]
 

 2010 Amendment. Subdivision (d) is revised to allow review not only of orders that deny access to records of the judicial branch or judicial proceedings, but also those orders that deny motions to seal or otherwise grant access to such records or proceedings claimed to be confidential. This revision is intended to recognize and balance the equal importance of the constitutional right of privacy, which includes confidentiality, and the constitutional right of access to judicial records and proceedings. The previous rule allowed review of orders denying access only “if the proceedings or records are not required by law to be confidential.” This provision is eliminated because it is unworkable in that such
 
 *781
 
 a determination of what is required by law to be confidential usually concerns the merits of whether the proceedings or records should be confidential in the first instance. Outer time limits for seeking review are added. Subdivision (d)(2) is revised to provide continued confidentiality of judicial proceedings and records to which the order under review has granted access upon the filing of a motion to stay that order until the court rules on the motion to stay. The former subdivision (d)(3) concerning oral argument is deleted as unnecessary in light of Rule 9.320. New subdivision (d)(3) is a recognition of the public policy that favors expedited review of orders denying access and the provision for expedited review in Florida Rule of Judicial Administration 2.420,
 

 2010 Note. As provided in Rule 9.040, request to determine the confidentiality of appellate court records are governed by Florida Rule of Judicial Administration 2.420.
 

 Court Commentary
 

 [No Change]
 

 RULE 9.110. APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NON-JURY CASES
 

 (a)-(n) [No Change]
 

 Committee Notes
 

 1977 Amendment — 2006 Amendment.
 

 [No Change]
 

 2010 Note. As provided in Rule 9.040, requests to determine the confidentiality of appellate court records are governed by Florida Rule of Judicial Administration 2.420.
 

 Court Commentary
 

 [No Change]
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 [2]
 

 .
 
 See In re Committee on Privacy and Court Records,
 
 Fla. Admin. Order No. AOSC04-04 (Feb. 12, 2004) (substituted for AOSC03-49).
 

 [3]
 

 .
 
 See
 
 Committee on Privacy and Court Records,
 
 Privacy, Access and Court Records: the Report and Recommendations of the Committee on Privacy and Court Records
 
 (2005) ("Privacy Committee Report”).
 

 [4]
 

 .
 
 See In re Implementation of Report and Recommendations of the Committee on Privacy and Court Records,
 
 Fla. Admin. Order No. AOSC06-20 (June 30, 2006) ("Admin. Order No. AOSC06-20”).
 

 [5]
 

 .
 
 See In re Committee on Access to Court Records,
 
 Fla. Admin. Order No. AOSC06-27 (Aug. 21, 2006) ("Admin. Order AOSC06-27”).
 

 [6]
 

 . The recommendations of the Privacy Committee at issue here are Recommendations Two (Scope of Confidentiality); Thirteen (Confidential Information); Sixteen (Unsealing of Records); and Seventeen (Responsibility of Filer).
 

 [7]
 

 .
 
 See
 
 Admin. Order AOSC06-20 at 1, 9.
 

 [8]
 

 . The Privacy Committee recognized that the task of applying all statutory exemptions to court records would be a practically impossible task for the clerks of court. The need for the clerks to screen all court records and redact all confidential information before storing the records on a publicly accessible electronic system would be an insurmountable obstacle to the implementation of public online access to court records.
 
 See
 
 Privacy Committee Report at 33-34.
 

 [9]
 

 . Specifically, the Access Committee was charged as follows with respect to rule 2.420:
 

 The primary purpose of the Committee is to review [rule 2.420] and develop proposed revisions to the rule with regard to the following matters:
 

 1. Recommendation Two. Scope of Confidentiality. Review and explore revisions to rule [2.420] to narrow its application to a finite set of exemptions that are appropriate in the court context and are identifiable. The Committee should note that the Supreme Court has not made a decision as to whether the absorption doctrine applies.
 

 [[Image here]]
 

 4. Recommendation Thirteen: Confidential Information. Propose revisions to rule [2.420] to clarify that those records defined in the rule are confidential and may not be released except as provided. Because this requirement is already established in existing law, the Committee is directed to propose a rule amendment or committee note that is consistent with the recognition of the current legal requirements.
 

 5. Recommendation Sixteen: Unsealing of Records. Propose revisions to rule [2.420] to provide a clear and effective mechanism through which a preliminary determination that a record is exempt or confidential can be challenged and reviewed.
 

 6.Recommendation Seventeen: Responsibility of Filer. Propose revisions to rule [2.420] to provide for certain responsibilities of the filer of court documents regarding confidential information.
 

 Admin. Order AOSC06-27 at 2-4.
 

 [10]
 

 . Renumbered rule 2.420(e) here.
 

 [11]
 

 . The subdivision (c)(9) factors for determining the confidentiality of court records are derived from the Court's decision in
 
 Barron v. Florida Freedom Newspapers, Inc.,
 
 531 So.2d 113, 118 (Fla.1988). The subdivision provides for confidentiality for
 

 [a]ny court record determined to be confidential in case decision or court rule on the grounds that
 

 (A) confidentiality is required to
 

 (i) prevent a serious and imminent threat to the fair, impartial, and orderly administration of justice;
 

 (ii) protect trade secrets;
 

 (iii) protect a compelling governmental interest;
 

 (iv) obtain evidence to determine legal issues in a case;
 

 (v) avoid substantial injury to innocent third parties;
 

 (vi) avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of proceeding sought to be closed;
 

 (vii) comply with established public policy set forth in the Florida or United States Constitution or statutes or Florida rules or case law;
 

 
 *760
 
 (B) the degree, duration, and manner of confidentiality ordered by the court shall be no broader than necessary to protect the interests set forth in subdivision (A); and
 

 (C) no less restrictive measures are available to protect the interests set forth in subdivision (A).
 

 Fla. R. Jud. Admin. 2.420(c)(9).
 

 [12]
 

 . The Special Joint Committee is composed of members of the RJA and ACR committees, assisted by representatives from the CPR Committee and the Access Committee. The Special Joint Committee greatly assisted the Court in refining the new procedures.
 

 [13]
 

 . The Access Committee has also submitted a comprehensive report of proposed amendments to various rules of procedure to minimize unnecessary personal information in court records, which is being considered separately in
 
 In re Implementation of Committee on Privacy and Court Records Recommendations,
 
 No. SC08-2443 (Fla. petition filed Dec. 22, 2008). Implementation recommendations concerning electronic access to court records contained in the Access Committee’s final report and recommendations submitted in September 2008 also are being considered separately.
 
 See
 
 Committee on Access to Court Records,
 
 Final Report and Recommendations
 
 (2008) ("Access Committee Report”).
 

 [14]
 

 . "Florida Media Organizations” include: Media General Operations, Inc., d/b/a
 
 The Tampa Tribune,
 
 WFLA-TV/News Channel 8; NYT Management Services, Inc., publisher of the (Sarasota) Herald-Tribune, (Lakeland)
 
 Ledger, Gainesville Sun
 
 and (Ocala)
 
 Star-Banner;
 
 Sun-Sentinel Company, d/b/a the
 
 South Florida Sun-Sentinel;
 
 and The Florida Press Association.
 

 [15]
 

 .
 
 See In re Fla. Courts Tech. Comm’n, Subcomm. on Access to Court Records,
 
 Fla. Admin. Order No. AOSC09-3 (Jan. 27, 2009) (directing commission to establish a Subcommittee on Access to Court Records to act as the successor to the Access Committee for the purpose of advancing the Access Committee's proposals).
 

 [16]
 

 .The Consolidated Rules Committee is composed of representatives from the RJA Committee, ACR Committee, and CPR Committee. The Consolidated Rules Committee received input from the Access Subcommittee, the offices of the clerks of court of the Seventh and Thirteenth Judicial Circuits, and various media organizations. We commend the Consolidated Rules Committee and those who provided input to the committee for their thorough review of the proposed procedures and for assisting the Court in finalizing the procedures.
 

 [17]
 

 . In Recommendation Thirteen (Confidential Information), the Privacy Committee reported:
 

 The Committee has found that the responsibility of protecting confidential information is a constitutional mandate upon the judicial branch and that any access to court records must be conditioned on the effective identification and protection of confidential information. Ultimate responsibility for protecting confidential information in court records belongs to the court. The responsibility of the court extends to the clerk of court as the custodian of the court's records pursuant to Article V of the Florida Constitution.
 

 Confidential Information Not to be Released
 

 The Committee recommends that the Supreme Court direct revision of Rule [2.420] to clarify that those records defined in Rule [2.4201(c) of the judicial branch are confidential and may not be released except as provided.
 

 Privacy Committee Report at 59.
 

 [18]
 

 .
 
 See
 
 Admin. Order AOSC06-27 at 2 (directing Access Committee to "[r]eview and explore revisions to rule [2.420] to narrow its application to a finite set of exemptions that are appropriate in the court context and are identifiable”).
 

 [19]
 

 . On July 1, 2009, the Florida Supreme Court Statewide Standards for Electronic Access to the Courts ("Standards”) were adopted by administrative order.
 
 See In re Statewide Standards for Electronic Access to the Courts,
 
 Fla. Admin Order No. AOSC09-30 (July 1, 2009). The Standards were developed in response to chapter 2009-61, section 16, Laws of Florida, which requested that the Court establish statewide e-filing standards to be used by the clerks of court to implement eleclronic filing. Standard 4.1.15, Documents Exempt from Public Access, was included in the Standards to serve as a "placeholder” for the procedure adopted here. Standard 4.1.15 provides:
 

 If a filer who electronically files a document containing information identified as exempt from public access pursuant to Rule 2.420, Florida Rules of Judicial Administration and applicable statute, the filer shall indicate that the document contains confidential information by placing the notation "confidential” in the comments section. Documents that are exempt or claimed to be exempt from public access shall be processed pursuant to Rule 2.420.
 

 Standards at 12.
 

 [20]
 

 . Article I, section 24 of the Florida Constitution, titled "Access to public records and meetings," was adopted in November 1992 and became effective July 1, 1993. It provides in relevant part:
 

 (a) Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder....
 

 [[Image here]]
 

 (c) This section shall be self-executing. The legislature, however, may provide by general law passed by a two-thirds vote of each house for the exemption of records from the requirements of subsection (a) ... provided that such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law....
 

 (d) All laws that are in effect on July 1, 1993 that limit public access to records or meetings shall remain in force, and such laws apply to records of the legislative and judicial branches, until they are repealed.
 

 Rules of conn that are in effect on the date oj adoption of this section that limit access to records shall remain in effect until they are repealed.
 

 Art. I, § 24, Fla. Const, (emphasis added).
 

 Immediately prior to adoption of article I, section 24 by the electors, the Court adopted rule 2.051, Public Access to Judicial [Branch] Records, [since renumbered 2.420], effective October 29, 1992.
 
 In re Amends, to Fla. Rules of Jud. Admin.
 
 — Public
 
 Access to Jud. Records,
 
 608 So.2d 472, 473-74 (Fla.1992). The rule states that “[t]he public shall have access to all records of the judicial branch, except as provided [therein].” Fla. R. Jud. Admin. 2.420(a). The rule 2.420 exceptions that were in effect at the time article I, section 24 was adopted are currently provided in subdivision (c), Exemptions.
 

 As relevant here, subdivision (c) provides: The following records of the judicial branch shall be confidential: ...
 

 (7) All records made confidential under the Florida and United States Constitutions and Florida and federal law;
 

 (8) All records presently deemed to be confidential by court rule, including the Rules for Admission to the Bar, by Florida Statutes, by prior case law of the State of Florida, and by the rules of the Judicial Qualifications Commission;
 

 [21]
 

 . We revised subdivision (d)(l)(B)(v) to clarify that test results concerning sexually transmitted diseases and the identities of patients within the test results, which are exempt under section 384.29, Florida Statutes (2009), are confidential under the rule when provided by the Department of Health or the department’s authorized representative.
 

 [22]
 

 . We agree with the Access Subcommittee that revisions to subdivision (d)(2) suggested by the Consolidated Rules Committee, which would apply the new subdivision to docu-menls introduced into evidence during court proceedings, do not give adequate guidance as to the procedures the judge would follow or how a party or other interested person would seek review of the court's decision as to the documents. Therefore, we decline to adopt the suggested revisions at this time. However, we encourage the RJA Committee, in consultation with the Access Subcommittee, to consider the matter for possible future amendment.
 

 [23]
 

 .
 
 See supra
 
 note 11.
 

 [24]
 

 .
 
 See
 
 Privacy Report at 63.
 

 [25]
 

 .Rule of Appellate Procedure 9.100(d) provides the procedure for seeking review of orders granting or denying access to court records.
 

 [26]
 

 .
 
 See
 
 954 So.2d at 23 n. 13.
 

 [27]
 

 .
 
 See
 
 §§ 119.07 l(2)(c) (public records exemption for active criminal investigative information); 119.07 l(2)(f) (public records exemption for information revealing the identity of a confidential informant); 119.0714(l)(f) (application of section 119.07 l(2)(f) to court files), Fla. Stat. (2009).
 

 [28]
 

 .In
 
 Barron,
 
 531 So.2d at 118, the Court recognized the need to protect a compelling governmental interest as a reason to seal records pertaining to confidential informants.
 

 [29]
 

 . This cautionary provision was added at the urging of the Florida Public Defender Association to address concerns about prior reports of the falsification of court records and dockets to protect confidential informants.
 

 [30]
 

 . Providing for sanctions will discourage abuses of the more restrictive procedures.